UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
        Plaintiff, ) CASE NO.   CR05-181 C
        v. )
GERALD ALAN SHERMAN, ) DETENTION ORDER
        Defendant. )
_____ )

Offenses charged:

    Counts 1-9:       Wire Fraud, in violation of Title 18, U.S.C., Section 1343;

    Counts 10-11:    Mail Fraud, in violation of Title 18, U.S.C., Section 1341;

    Counts 12-15:    Securities Fraud, in violation of Title 15, U.S.C., Section 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5; and

    Count 16:        Attempted Bank Fraud, in violation of Title 18, U.S.C., Section 1344.

Date of Detention Hearing:    May 18, 2005.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Tate London. The defendant was represented by Scott Engelhard.

    The Government argued for detention, maintaining that given the facts and circumstances surrounding the nature of the charges, no assurances have been given to

DETENTION ORDER
PAGE -1-

dissuade concerns of flight risk and financial danger to the community. The Government suggests there is a duality to the defendant's persona; that he is a family man and a hockey coach, but also a con man and a swindler.

The Government alleges that the defendant perpetrated a complex criminal scheme to defraud investors of at least eight-hundred thousand dollars ($800,000). By the defendant's own admission, he received between two million ($2,000,000) and three million ($3,000,000) dollars from investors. Additionally, the Government asserted that the weight of the evidence is overwhelming. A FBI memorandum of an interview of the defendant disclosed that he was unable to answer how the investments were to be repaid if he was spending money on the hockey enterprise. Further indicating the weight of the evidence, the Government noted that there are a number of civil judgments against the defendant, including a finding by Chief Judge Robert S. Lasnik that the defendant's testimony was not credible, this as part of his findings that he violated federal law. Pointing to this testimony, its discrepancies, and his FBI interview statements, the Government contended that the defendant's character is one of deceit, elaborate justifications, and excuses.

The defendant has strong ties to the community, however the Government views the defendant to be a risk of flight. Additionally, regarding concern of flight risk, the Government noted that the defendant has traveled extensively, including international travel first class; he has the ability to make false documents; he has substantial contacts, networks, and accounts overseas; and he has the monetary means to facilitate flight. Given that he defrauded members of his own community, community support may be diminishing.

Finally, the Government submits that the defendant poses a clear economic danger to the community given the damage to his alleged victims and creditors. The Government believes the defendant is willing and able to deceive the Court, and that there is no reason to believe he can be trusted.

//

The defense argued against detention, pointing to the defendant's character and ties to the community. Maintaining that the defendant poses no flight risk, the defense asserted that the defendant was born and raised in Washington and has lived here all his life; his close-knit family is supportive and present in court to support his release; he has been married for fifteen years and has three sons; and he has lived on Mercer Island for over ten years. Additionally, the defense stated that the defendant has an extraordinary commitment to the community, noting a newspaper article regarding his involvement with youth hockey; and lastly that he has the support of his friends, who where present in court to vouch for his good character and reliability.

The defense noted that the defendant was aware of the investigation as related to the instant offense, that he was interviewed by the FBI, and did not flee. The defendant offered to turn over his passport, which was brought to the courtroom. Finally, the defense argued that the defendants in the federal case cited by the Government were not detained and that the accusations in this instant offense are far from proof of criminal wrongdoing.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) The Court finds the defendant to be a flight risk given the nature of the charges, involving defrauding members of his own community at a projected loss of eight-hundred thousand dollars, and his suspicious monetary and business ties overseas which also potentially give him access to significant financial sums which may be used to facilitate flight.

(2) The Court finds the defendant's previous lack of response to civil judgments as significant when assessing his character and reliability. The defendant appears not to have adhered to prior Court decisions, therefore there is insufficient reason to believe the defendant will comply in this

instant offense.

(3) Due to the nature and seriousness of the crime alleged, release of the defendant would pose a risk of flight and economic danger to the community.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of May, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-