UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GERALD ALAN SHERMAN,<br><br>　　　　　　　Defendant. | CASE NO. CR05-0181C<br><br>ORDER |

This matter comes before the Court on Defendant's three motions for pretrial disclosure: motion for disclosure of expert testimony and evidence (Dkt. No. 42); motion to compel review and production of law enforcement personnel files and records (Dkt. No. 43); and motion for disclosure of Rule 404(b) evidence of prior bad acts (Dkt. No. 44). Having considered the papers submitted by all parties and finding oral argument unnecessary, the Court finds and orders as follows.

**I.    Motion for Pretrial Disclosure of Expert Testimony and Evidence**

Defendant's first motion seeks an order requiring the government to produce no later than two weeks before trial certain information under Rule 16(a). Specifically, Defendant seeks production of a written summary of expert testimony and any factual bases (including studies, examinations, or reports) therefor that the government intends to introduce at trial under Evidence Rules 702, 703, and 705. *See*

ORDER – 1

FED. R. CRIM. P. 16(a)(1)(F), (G). The government does not dispute its obligation to produce the requested information, and does not oppose Defendant's request for production two weeks before trial. However, the government does request leave to offer the evidence at trial even if it does not produce it before trial, upon a showing of good cause.

Given the agreement between the parties, the Court GRANTS Defendant's motion and ORDERS the government to produce the requested expert-witness evidence no later than two weeks before trial.

## II. Motion for Pretrial Review and Production of *Brady* and *Henthorn* Materials

By this second motion, Defendant seeks an order requiring the government to review the pertinent personnel files of any law enforcement witnesses it intends to call at trial. The government concedes that it must review the personnel files of federal law-enforcement personnel it intends to call as witnesses and produce to defendants all exculpatory or impeaching evidence. However, the government objects to Defendant's broad request for information regarding personnel who will not testify at trial or over whom the federal government has no authority or control.

"Under *Brady v. Maryland*, [373 U.S. 83 (1963)], the government has the obligation upon request to disclose to a criminal defendant material favorable evidence in the government's possession, including information about government witnesses that could be used to impeach them." *United States v. Herring*, 83 F.3d 1120, 1121 (9th Cir. 1996). In the Ninth Circuit, the government's duties under *Brady* include reviewing the personnel files of law-enforcement officials that the government intends to call at trial, even without an initial showing of materiality by the defendant. *See United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). When the government's review of those files leaves it in doubt as to the need for disclosure, it must submit the files to the district court for *in camera* review. *Id.*

There are, however, limitations on the government's duties under *Brady* and *Henthorn*. First, the United States Attorney need not personally review the relevant personnel files. Rather, the courts have accepted the government's prevailing practice of delegating to appropriate agency counsel the review of personnel files of their own agents. *See Jennings*, 960 F.2d at 1492 n.3 ("The agency legal staff will

ORDER – 2

[then] notify the federal prosecutor assigned to the case if any potential *Brady* material is found, and the AUSA will then determine whether the information should be disclosed or whether an *in camera* review by the district court is appropriate.").

Second, the government is required to review only those personnel files within its possession, custody, or control. As such, the government ordinarily is not required to review the personnel files of state or local law-enforcement officials that may be called at trial. *See United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) ("[B]ecause the document was under the control of state officials, the federal prosecutor was not obligated to produce it."). Instead, a request to review files of state and local officers should be made directly to relevant state and local law enforcement agencies. And the government need not conduct any review of personnel files for law-enforcement officials who participated in this investigation but will not be called as trial witnesses. *See United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002).

Outside of the preceding objections, the government does not object to Defendant's request for disclosure two weeks before trial. Accordingly, the Court GRANTS Defendant's motion IN PART, and ORDERS the government to ensure that all relevant personnel files of federal law enforcement officials it intends to call at trial have been reviewed and that all information relevant to those witnesses' credibility or Defendant's lack of culpability is produced to Defendant two weeks before trial

### III. Motion for Pretrial Disclosure of Rule 404(b) Evidence

By this motion, Defendant seeks an order requiring the government to produce no later than two weeks before trial any evidence of prior bad acts that it intends to introduce under Federal Rule of Evidence 404(b). The government does not oppose Defendant's request for production two weeks before trial, but again requests leave to offer the evidence at trial even if it does not produce it before trial, upon a showing of good cause. Accordingly, the Court GRANTS Defendant's motion and ORDERS the government to produce the requested 404(b) evidence no later than two weeks before trial.

ORDER – 3

## IV. Conclusion and Order

In sum, the Court GRANTS Defendant's motions for pretrial production of expert-witness evidence (Dkt. No. 42) and Rule 404(b) evidence of prior bad acts (Dkt. No. 44). The Court further GRANTS IN PART Defendant's motion for pretrial production of *Brady* and *Henthorn* evidence (Dkt. No. 43), but DENIES that motion as applied to personnel files of (1) state or local law enforcement officials without the government's authority or control, and (2) any law enforcement official whom the government does not intend to call at trial.

The Court further ORDERS that all of the foregoing evidence be produced to Defendant no later than two weeks before trial, absent an additional motion and showing of good cause by the government.

SO ORDERED this 27th day of January, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 4